# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-20310 |
| ) | |
| KAREN TRIPP, ) | |
| a/k/a "KAREN BAUER," ) | |
| a/k/a "KAREN LITTLE" ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

On November 9, 2012, the Court sentenced Defendant Karen Tripp (the "Defendant") to make restitution of $1,578,277.75 to victim Seiler-Nabers Construction, LLC. (Sentencing, ECF No. 38.) The Court entered judgment against the Defendant on November 14, 2012. (Judgment, ECF No. 39.) Before the Court is the Government's December 11, 2012 Motion to Amend Judgment (the "Motion") to reassign restitution to Donald Seiler and Michael Nabers individually because Seiler-Nabers Construction, LLC is now defunct. (Gov't Mot., ECF No. 44.) The Defendant responded on December 19, 2012, opposing the motion. (Resp., ECF No. 45.)

The Government seeks to amend the judgment at the request of the Clerk's Office, which informed the government that, "as currently written, the Judgment in the case would not allow for

any restitution because the Clerk's Office may not distribute money to the defunct Seiler-Nabors [sic] construction company." (Gov. Mot., ECF No. 44 at 1.)

When a criminal defendant is ordered to pay restitution to a defunct entity, the Clerk should distribute the restitution payments to the defunct entity's successors in interest. See United States v. O'Brian, 254 F. Supp. 2d 963, 965 (S.D. Ohio 2003) (ordering defendant to pay restitution and post-judgment interest to "the Federal Deposit Insurance Corporation, the successor to the Resolution Trust Company"). Donald Seiler and Michael Nabers have been represented to be the successors in interest to Seiler-Nabers Construction, LLC. The Clerk will determine whether Seiler and Nabers are in fact the successors in interest to Seiler-Nabers Construction, LLC, and distribute restitution accordingly.

No amendment of the restitution order is required. The Motion to Amend Judgment is DENIED AS MOOT.

So ordered this 13 day of September, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE